IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 10–cv–00413–CMA–KMT


DAVIN DOUGLAS,

    Plaintiff,

v.

FRONTIER AIRLINES, INC.

    Defendant.

_____

# ORDER

This matter is before the court on "Defendant's Motion for Leave to File First Amended

Answer and Defenses" (Doc. No. 21 ["Mot."]) filed July 26, 2010.  Plaintiff filed his "Response

in Opposition to Defendant's Motion to File First Amended Answer and Defenses" (Doc. No. 27

["Resp."]) on August 16, 2010.  Defendant filed its "Reply to Plaintiff's Response in Opposition

to Defendant's Motion for Leave to File First Amended Answer and Defenses" (Doc. No. 30

["Reply"]) on August 23, 2010.

# BACKGROUND

Plaintiff filed his Complaint on February 24, 2010.  (Doc. No. 1.)  The parties stipulated

to an extension of time for Defendant to file its responsive pleading (Doc. No. 8), and Defendant

filed its Answer and Defenses on April 23, 2010.  (Doc. No. 10.)  On June 14, 2010, this court

held the Scheduling Conference in this matter, in which the deadline for joinder of parties and

amendment of pleadings was set at July 12, 2010.  (Doc. Nos. 19, 20.)  Defendant filed their

current Motion on July 26, 2010, two weeks after the deadline to amend pleadings.

**LEGAL STANDARD**

Because Defendant filed its Motion after the deadline for amending the pleadings, the

court employs a two-step analysis, first determining whether Defendant has shown good cause to

modify the Scheduling Order under Federal Rule of Civil Procedure 16(b), then evaluating

whether Plaintiff has satisfied the standard for amendment of pleadings under Federal Rule of

Civil Procedure 15(a).  This Court has said that

> Rule 16(b)'s "good cause" standard is much different than the more lenient
> standard contained in Rule 15(a).  Rule 16(b) does not focus on the bad faith of
> the movant, or the prejudice to the opposing party.  Rather, it focuses on the
> diligence of the party seeking leave to modify the scheduling order to permit the
> proposed amendment.  Properly construed, "good cause" means that the
> scheduling deadlines cannot be met despite a party's diligent efforts.  In other
> words, this court may "modify the schedule on a showing of good cause if [the
> deadline] cannot be met despite the diligence of the party seeking the extension."

*Pumpco, Inc. v. Schenker Int'l, Inc*., 204 F.R.D. 667, 668 (D. Colo. 2001) (internal citations

omitted).  The Tenth Circuit has noted, however, that the good cause standard requiring

diligence produces essentially the same result as a finding of no undue delay and no undue

prejudice under Rule 15(a).  *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006).

Accordingly, the timeliness of the amendment and the prejudice to a defendant are to be the crux

of the inquiry.  *Id.*

A motion to amend should be denied if a party has unduly delayed in seeking the

amendment.  *Wessel v. City of Albuquerque*, 299 F.3d 1186, 1197 (10th Cir. 2002) (citing cases).

The important inquiry is not simply whether party has delayed, but whether such delay is undue.

*Minter*, 451 F.3d at 1206.  Delay is undue "when the party filing the motion has no adequate

explanation for the delay," *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365–66 (10th Cir. 1993), or

when "the party seeking amendment knows or should have known of the facts upon which the

proposed amendment is based but fails to include them in the original [pleading]." *Las Vegas*

*Ice & Cold Storage Co. v. Far West Bank*, 893 F.2d 1182, 1185 (10th Cir. 1990) (citation

omitted).  In such circumstances, "untimeliness alone is an adequate reason to refuse leave to

amend." *Duncan v. Manager, Dep't of Safety*, 397 F.3d 1300, 1315 (10th Cir. 2005).

A party is prejudiced by an untimely amendment if the amendment will alter the focus of

the case at a date that is too late for the opponent to adequately prepare for trial.  *Orr v. City of*

*Albuquerque*, 417 F.3d 1144, 1153 (10th Cir. 2005).  A party may not "wait until the last minute

to ascertain and refine the theories on which they intend to build their case . . . .  This practice, if

tolerated, 'would waste the parties' resources, as well as judicial resources, on discovery aimed

at ultimately unavailing legal theories and would unfairly surprise [the opponents], requiring the

court to grant further time for discovery or continuances." *Green Country Food Market, Inc. v.*

*Bottling Group, LLC*, 371 F.3d 1275, 1279 (10th Cir. 2004).

Once Defendant has shown good cause for modifying the scheduling order, it must also

satisfy the requirements of Rule 15(a) for amending the pleadings.  Under Rule 15(a), a court

should allow a party to amend its pleadings "when justice so requires." Fed. R. Civ. P. 15(a).

The grant or denial of an opportunity to amend is within the discretion of the court, but "outright

refusal to grant the leave without any justifying reason appearing for the denial is not an exercise

of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal

Rules." *Foman v. Davis*, 371 U.S. 178, 182 (1962).  "Refusing leave to amend is generally only

justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or

dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of

amendment." *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993).  Notably,

> The Federal Rules reject the approach that pleading is a game of skill in which
> one misstep by counsel may be decisive to the outcome and accept the principle
> that the purpose of pleading is to facilitate a proper decision on the merits.

*Conley v. Gibson,* 355 U.S. 41, 48 (1957).

## ANALYSIS

Although Defendant does not address Rule 16(b) and its good cause requirement in its

Motion, Defendant does argue that it filed

> this Motion after discovery that Plaintiff's claim may be subject to discharge in
> bankruptcy, and a subsequent investigation as to this issue in order to comply
> with Rule 11, and in the utmost of caution in order to ensure compliance with its
> obligations . . . under Rule 8(c) of the Federal Rules of Civil Procedure.

(Mot., ¶ 5.)  Defendant also argues in its Reply that "Defendant employs different counsel in this

matter from those it employed for its bankruptcy counsel in this matter from those it employed

for its bankruptcy case.  Once counsel in this matter discovered the potential discharge in

bankruptcy issue, it brought the same to this Court's attention."  (Reply, ¶ 5.)

Though Plaintiff states that Defendant knew or should have known of the possible

discharge in bankruptcy of Plaintiff's claim since it filed the bankruptcy petition on April 10,

2008 (Resp. at 2), the court concludes that Defendant has provided an adequate explanation for

the delay. Moreover, Plaintiff has failed to argue or demonstrate how allowing Defendant leave to amend its answer would prejudice him. The case is in the very early stages of litigation, and the discovery cutoff is set for December 14, 2010. Thus, the court finds that Defendant has satisfied Rule 16(b)'s good cause standard.

The court also finds Defendant satisfies the liberal, and more lenient, requirements for amending under Rule 15(a). As noted above, the court finds Defendant did not unduly delay in filing his Motion, nor will the amendment prejudice Plaintiff. *Frank*, 3 F.3d at 1365. The court also finds there has been no showing of bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment. *Id.*

WHEREFORE, it is

**ORDERED** that "Defendant's Motion for Leave to File First Amended Answer and Defenses" (Doc. No. 21) is **GRANTED**. The Clerk of Court is directed to file "Defendant's First Amended Answer and Defenses" (Doc. No. 21-1).

Dated this 24th day of August, 2010.

BY THE COURT:

Kathleen M Tafoya
United States Magistrate Judge